1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CASTELLANOS and RAQUEL CASTELLANO, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.: 18cv2334 JM(AGS) <br><br> **ORDER ON EX-PARTE MOTION TO FILE AMENDED COMPLAINT** |

On October 10, 2018, Plaintiffs Jesus Castellanos and Raquel Castellanos brought suit asserting claims for excessive force and retaliation ("Bivens claims") against unknown Custom and Border Protection agents, a myriad of claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and a Bane Act claim, California Civil Code section 52.1. (Doc. No. 1.)

On May 31, 2019, Plaintiffs filed an *Ex-Parte* Motion for Leave to File a First Amended Complaint. (Doc. No. 17.) The Amended Complaint seeks to; (1) substitute Michael Hedlund, Fernando Zaragoza and Adam Guerrero for the unknown Custom and Border Protection agents (Doe Defendants); (2) state *Bivens* claims against Hedlund, Zaragoza and Guerrero; (3) state FTCA claims against Hedlund, Zaragoza and Guerrero; (4) revise the facts to "more accurately reflect the video surveillance camera footage produced in discovery;" and (5) add a new cause of action for False Imprisonment. (Doc. No. 17 at 3-4.)

Although the *ex-parte* motion should have been filed as a noticed motion, Defendants have had almost two weeks to file a response but have not filed any motion opposing Plaintiffs' motion to amend, and the court perceives no prejudice to Defendants in allowing an amendment in which Defendants themselves acquiesce.[1]  Moreover, Rule 15(a)(2) advises that trial courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15 (a)(2).  *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted) ("This policy is to be applied with extreme liberality.")   Further, the court does not perceive Plaintiffs to be seeking amendment in bad faith and sees no reason to expect that the amendment will unduly delay the litigation.  *See AmeriSource Bergen Corp. v. Dialysit W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006 ("[A] district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.").   In addition, the motion for leave to file a first amended complaint was filed in accordance with the deadline set forth in the scheduling order.  *See* Doc. No. 15 at ¶ 1 (providing motions to amend pleadings must be filed by May 31, 2019).

Accordingly, the court **GRANTS** Plaintiffs' unopposed motion (Doc. No. 17) for leave to file a first amended complaint.  It shall be Plaintiffs responsibility to file the First Amended Complaint with the court by ***June 20, 2019***.  Defendants shall respond to Plaintiffs' amended complaint within the limits established by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: June 13, 2019

Hon. Jeffrey T. Miller
United States District Judge

---

[1]  Plaintiffs proffer that counsel for the United States "takes no position either for or against the filing of the First Amended Complaint." (Doc. No. 17 at 8; Doc. No. 17-1 at ¶ 15, Decl. of Eugene Iredale, Counsel for Plaintiffs.)